UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LAUREN LAGASI,                                                   **COMPLAINT**

                                    Plaintiff,                   **Index No.: 10CIV2265 (PAC-ECF CASE)**

                -against-
                                                                 **Hon. Paul A. Crotty**

DANIELS & NORELLI, P.C. and
FRED G. DANIELS,

                                    Defendants.
-------------------------------------------------------x

        Plaintiff, LAUREN LAGASI, by and through her attorneys, Sokolski & Zekaria, P.C., as

and for her complaint against the Defendants, respectfully sets forth and alleges as follows:

## INTRODUCTION

        1.      This is an action brought pursuant to 15 U.S.C. §§1692, *et seq.,* Fair Debt

Collection Practices Act, ("FDCPA").

## PARTIES

        2.      At all times relevant herein, Plaintiff, LAUREN LAGASI was and still is a natural

person currently residing in the County of New York, State of New York.

        3.      Upon information and belief, at all times relevant herein, Defendant DANIELS &

NORELLI, P.C. was and still is a domestic professional corporation existing by and under the

virtue of the laws of the State of New York, and maintains its principal place of business in the

County of Nassau, State of New York.

        4.      Upon information and belief, at all times relevant herein, Defendant Fred G.

Daniels, was and still is a natural person, and attorney, residing in the County of Queens, State of

New York.

        5.      Upon information and belief, at all times herein mentioned, Defendant DANIELS &

NORELLI, P.C. was and still is a "debt collector," as defined in 15 U.S.C. § 1692a(6), in that it

1

regularly attempted and attempts to directly or indirectly collect debts owed to landlords and/or creditors, alleged creditors or companies within, *inter alia,* the City of New York.

6.      Upon information and belief, at all times herein mentioned, Defendant Fred G. Daniels was and still is a "debt collector," as defined in 15 U.S.C. § 1692a(6), in that he regularly attempted and attempts to directly or indirectly collect debts owed to landlords and/or creditors, alleged creditors or companies within, *inter alia,* the City of New York.

7.      Upon information and belief, the amounts alleged due and demanded by the Defendants on behalf of landlords, creditors, alleged creditors and/or companies within the City of New York are "debt[s]" as defined by 15 U.S.C. §1692a(5), in that the obligations demanded arise out of transactions that are primarily for personal, family and/or household purposes.

8.      Upon information and belief, Defendants, on behalf of landlords, creditors, alleged creditors and/or companies attempted and attempts, directly or indirectly to collect debts owed by consumers other than the Plaintiff within the City and/or State of New York.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§1331.

10.     Venue is properly placed in this District pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1391(b)(2).

## AS AND FOR A FIRST CAUSE OF ACTION

11.     Plaintiff repeats and reiterates all prior allegations contained with the same force and effect as if the same were set forth at length hereat.

12.     That a debt was allegedly incurred by the Plaintiff LAUREN LAGASI to "The 400 Realty Co." in the amount of $1,642.36.

13.     That the nature of the alleged debt, *to wit*, past due rent for Plaintiff's residential apartment, related charges and fees, were primarily for the personal, family and/or household purposes of the Plaintiff, LAUREN LAGASI.

2

14.     Upon information and belief, that on behalf of "The 400 Realty Co.", Defendants prepared, authorized, issued, sent, caused to be sent and/or communicated an initial written communication conveying information regarding the aforementioned alleged past due debt, demanding directly or indirectly, the payment of said past due debt and made in connection with the collection of said alleged debt, dated July 18, 2002.   A true copy of the July 18, 2002 communication is annexed hereto as **Exhibit A**.

15.     The July 18, 2002 initial communication was received by the Plaintiff.

16.     Within 20 days of her receipt of said initial communication, on or about August 16, 2002, Plaintiff disputed the debt.  A true copy of Plaintiff's letter disputing the debt is annexed hereto as **Exhibit B**.

17.     Rather than obtaining or mailing to the Plaintiff verification of the alleged debt, Defendants continued efforts to collect the debt.

18.     On or about March 17, 2009, Defendants sent another dunning letter concerning the alleged debt, without having obtained and/or sent Plaintiff verification of same pursuant to her dispute made on or about August 16, 2002.  A true copy of Defendants' March 17, 2009 letter is annexed hereto as **Exhibit C**.

19.     The March 17, 2009 communication was received by Plaintiff shortly after March 17, 2009.

20.     Upon information and belief, the aforementioned March 17, 2009 communication demands and/or attempts to collect amounts that the Defendants knew, or should have known, were not owed, or were disputed, by the Plaintiff.

21.     Upon information and belief, the aforementioned March 17, 2009 communication demands and/or attempts to collect amounts that the Defendants – and law firm and attorney – knew, or should have known, were time barred by, inter alia, New York's six year statute of limitations.

3

22.     The March 17, 2009 communication and other communications were part and parcel of a course of conduct designed to harass Plaintiff over an alleged debt she did not owe, an alleged debt that was disputed and/or an alleged debt that was time barred from judicial enforcement.

23.     The March 17, 2009 communication contains a facsimile or stamped signature of Defendant-attorney Fred G. Daniels.

24.     The March 17, 2009 communication is deceptive and misleading to the Plaintiff and least sophisticated consumer, inasmuch as it expresses or implies that the consumer's file and/or the letter was reviewed by Defendant-attorney Fred G. Daniels when, upon information and belief, the file and/or letter were not reviewed by Defendant-attorney Fred G. Daniels.

25.     Defendants, in attempting to collect from the Plaintiff the aforementioned alleged past due debt, employing, *inter alia*, the acts and/or omissions described above, violated:

        a)     15 U.S.C. §1692d generally, and specifically, 15 U.S.C. 1692f(1); 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(3); 15 U.S.C. 1692e(10); 15 U.S.C. 1692c(c) and 15 U.S.C. 1692g(b) by Defendants' March 17, 2009 communication, as described above; and

        b)     15 U.S.C. §1692d generally, and specifically, 15 U.S.C. 1692f(1); 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(3); 15 U.S.C. 1692e(10); 15 U.S.C. 1692c(c) and 15 U.S.C. 1692g(b) by continuing to attempt to collect an alleged debt that Plaintiff disputed in writing and refused to pay, which debt was time barred against enforcement in New York State; and

        c)     15 U.S.C. §1692d and 15 U.S.C. §1692e generally, and specifically, 15 U.S.C. 1692e(3) and 15 U.S.C. 1692e(10) by using a stamped or facsimile signature on the March 17, 2009 communication to lead Plaintiff and the least sophisticated consumer that an attorney reviewed the alleged consumer's file and/or said communication, when, upon information and belief, he did not.

26.     That because of the foregoing, the Plaintiff, LAUREN LAGASI has suffered actual

4

and statutory damages in amounts to be determined at trial.

WHEREFORE, Plaintiff LAUREN LAGASI, prays for judgment in her favor and against Defendants, jointly and severally, for her actual and maximum statutory damages in amounts to be determined at trial, together with the costs and expenses of this litigation, including reasonable attorney's fees, accountant's fees and expert's fees and other costs and disbursements, as mandated by 15 U.S.C. § 1692(k); and awarding Plaintiff such other and further relief that the Court deems just, equitable and proper.

Dated:          March 15, 2010
                New York, New York

SOKOLSKI & ZEKARIA, P.C.
*Attorneys for Plaintiff*

BY: ROBERT E. SOKOLSKI, ESQ. (RS 4835)
305 Broadway - Suite 201
New York, New York 10007
(212) 571-4080

5

**Exhibit A**

# DANIELS & NORELLI, P.C.
## Attorneys at Law

FRED G. DANIELS
GEORGE H. NORELLI
\*\*\*\*\*\*\*\*\*\*\*\*

MEREDITH E. UNGER
Member NY & NJ Bar

265 POST AVENUE
SUITE 150
WESTBURY NY 11590
1-800-332-3306
516-338-7520
Fax 516-338-6060

07/18/02

LAUREN LAGASI
400 E 57TH ST APT 14D
400 EAST 57TH ST
NEW YORK NY 10022-3030

RE: DAVID FRANKEL REALTY INC.
  Our Account Number:      20001008020701308
  Original Creditor:       THE 400 REALTY CO.
  Original Account Number: 004-374
  Principal Claimed Due:   $1,642.36
  Interest Claimed Due:    $00
  Total Claimed Due:       $1,642.36

DEAR LAUREN LAGASI:

PLEASE BE ADVISED THAT THIS OFFICE HAS BEEN RETAINED BY DAVID FRANKEL REALTY INC.. THE ABOVE REFERENCED ACCOUNT HAS BEEN FORWARDED TO OUR FIRM FOR COLLECTION. PLEASE CONTACT THIS OFFICE TO ARRANGE FOR PAYMENT.

## VALIDATION NOTICE

UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, THE ABOVE DEBT WILL BE ASSUMED TO BE VALID BY THIS OFFICE. SHOULD YOU NOTIFY THIS OFFICE IN WRITING AT THE ADDRESS SHOWN ABOVE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN AND MAIL TO YOU VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT, IF ANY, AND IF ALSO REQUESTED, THE NAME OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR, AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

VERY TRULY YOURS,

FRED G. DANIELS, ESQ.

P86TCN40

**Exhibit B**

400 E. 57th Street, 14D
New York, NY 10022
(212) 688-8261

August 16, 2002

VIA FACSIMILE- 516-338-6060

Mr. James Scully
Daniels & Norelli, PC
265 Post Avenue
Westbury, NY 11590

Re: Letter of July 16, 2002

Dear Mr. Scully

This letter is a confirmation that I DO NOT OWE ANY PORTION OF THE
amount you allege in your letter.

Very truly yours,

Lauren Lagasi

Lauren Lagasi

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

WESTBURY, NY 11590

| Postage | $ | | UNIT ID: 0007 |
| Certified Fee | 0.37 | |
| Return Receipt Fee (Endorsement Required) | 2.30 | |
| Restricted Delivery Fee (Endorsement Required) | 1.75 | |
| Total Postage & Fees | $ 4.42 | 08/16/02 |

Sent To MR. JAMES Scully Daniels Norelli
Street, Apt. No; or PO Box No 265 POST Avenue
City, State WESTBURY, NY 11590

PS Form 3800, January 2001

**Exhibit C**

# DANIELS & NORELLI, P.C.
## Attorneys at Law

FRED G. DANIELS*
GEORGE R. NORELLI
JAMES P. SCULLY*
ISAAC N. TUCHMAN
*Member of the N.Y. & N.J. Bar

MEREDITH E. UNGER
JOSHUA R. BRONSTEIN
IRA R. SITZER

Toll Free 1-800-202-3306
Local      516-338-7520
Fax        516-338-1063

MARCH    17TH, 2009

00630

llillulllumlullululullllmllulululudulilullul
***AUTO-*ALL FOR AADC 100
18106-170/20001008020701308/1785    008
LAUREN LAGASI
400 E 57TH ST APT 14D
NEW YORK, NY 10022-3099



00630

**RE: DAVID FRANKEL REALTY INC.**

Original Creditor:            THE 400 REALTY CO.
Original Account Number:      004-374
Current Balance:             $1,642.36
Our Account Number:          20001008020701308

DEAR LAUREN LAGASI:

WE HAVE PREVIOUSLY ATTEMPTED TO CONTACT YOU REGARDING THE ABOVE MENTIONED
DEBT, HOWEVER THE BALANCE REMAINS DUE AND UNPAID.

PLEASE KEEP IN MIND, TAX TIME IS HERE AND YOU MAY BE ABLE TO SETTLE THIS DEBT WITH
PROCEEDS FROM A RETURN YOU MAY RECEIVE FROM THE GOVERNMENT.

IF YOU ARE EXPECTING A RETURN, PLEASE CONTACT OUR OFFICE TODAY TO DISCUSS THE
POSSIBILITY OF SETTLING YOUR ACCOUNT.

IF YOU WOULD LIKE TO MAKE A PAYMENT, PLEASE GO TO WWW.DANIELSNORELLI.COM.

VERY TRULY YOURS,

FRED G. DANIELS, ESQ
GEORGE H NORELLI, ESQ

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE
USED FOR THAT PURPOSE. DANIELS & NORELLI, P.C. IS ONLY LICENCED TO PRACTICE LAW
IN THE STATE OF NEW YORK.

AC04-K        900 MERCHANTS CONCOURSE, SUITE 400, WESTBURY, NY 11590

UNITED STATE DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    **Index No. 10CIV2265 (PAC-ECF CASE)**

LAUREN LAGASI

                Plaintiff,

       -against-

DANIELS & NORELLI, P.C. and
FRED G. DANIELS, ESQ.

            Defendants.

## SUMMONS AND COMPLAINT

*Law Office of*
**SOKOLSKI & ZEKARIA, P.C.**
*Attorneys for Plaintiff*
305 Broadway - Suite 201
New York, New York 10007
(212) 571-4080

Service of a copy of the within is hereby admitted.

To:

           Date: _____, 2010
                     _____

           By: _____

Attorney(s) for Petitioner

**PLEASE TAKE NOTICE:**

[]NOTICE OF ENTRY
that the within is a (certified) *true copy of a*
duly entered in the office of the clerk of the within Court on

[]NOTICE OF SETTLEMENT
that an order
will be presented for settlement to the Hon.
within named Court, at
on           20    at    M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.
**SOKOLSKI & ZEKARIA, P.C.**
305 BROADWAY-SUITE 201
New York, NY 10007